FILED
2007 Aug-14 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EUGENE MOORE,        )<br>                      )<br>    Plaintiff,          )<br>                      )<br>vs.                   )<br>                      )<br>JOHN E. POTTER,       )<br>POSTMASTER GENERAL,   )<br>                      )<br>    Defendant.        )  | Civil Action No.:   06-BE-1124-S |

## MEMORANDUM OPINION

This case is before the court on Defendant's motion for summary judgment (Doc. 11), which has been fully briefed by all parties. For the reasons outlined below, the court hereby GRANTS this motion.

I.   STATEMENT OF FACTS

As required when evaluating Defendant's motion for summary judgment, the court has drawn all inferences in favor of Plaintiff, and summarizes the facts as follows. Plaintiff Eugene Moore is an African-American male employed at the United States Postal Service's Processing and Distribution Center in Birmingham, Alabama. Plaintiff has sued the Postmaster General for discrimination under Title VII, alleging that he was subject to disparate treatment because of his race.

The specific incident serving as the basis for Plaintiff's complaint occurred in November 2003. Plaintiff had agreed voluntarily to work overtime on Friday, November 23, 2003. Prior to leaving work on Friday morning, however, Plaintiff checked the two areas where the overtime

1

schedule was typically posted, and saw no listing for him to work that Friday night. He, therefore, did not show up for work that night, and his acting supervisor, Randall Evans, wrote him up for being AWOL. When his normal supervisor, Leon Henderson, returned to the office, Mr. Henderson removed the AWOL write-up from Plaintiff's personnel file. Plaintiff never received payment for the overtime hours he would have worked that Friday night, had he known he was scheduled to work then.

Plaintiff has also alleged – in an affidavit filed in response to Defendant's motion for summary judgment – that Mr. Evans distinguished between white and black employees. Plaintiff further stated that Mr. Evans has, in the past, required Plaintiff to take the maintenance calls of white electronic technicians, even when those white employees were available to take the calls. Such allegations, however, were not part of Plaintiff's Complaint, and serve as evidence rather than as a distinct claim.

Plaintiff's claim is stated in his initial Complaint, filed *pro se*, against the United States Postmaster General:

> On November 23, 12003, my acting supervisor, James [Randall] Evans to my time care [sic] to prevent me from clocking in and I wrote me up [sic] for being AWOL on November 22, 2003. Evans is white. I am the only black Electronic Technician, all others are white. Evans posted me to work on November 22, 2003, a holiday, but did not post it in the usual places where I generally view schedule [sic] posting. Evans wrote me up AWOL when whites are not. He wrote me up to harass me, because of my race.[1]

Defendant and this court construe this claim as one for disparate treatment racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, based on the incident

---

[1] Pl.'s Compl. at 2-3 (Doc. 1).

when Plaintiff was not made aware that he was supposed to work overtime. Defendant Postmaster has moved for summary judgment on Plaintiff's claims.

## II.   STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. V. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex, 477* U.S. at 322-23. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. At 324 (quoting Fed. R. Civ. P. 56(e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings." *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed

3

and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins.Co.*, 193 F. 3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

**III.   DISCUSSION**

Plaintiff has not provided direct evidence in this case of disparate treatment based on race discrimination, and, therefore, must prove his claims using circumstantial evidence, pursuant to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that framework, Plaintiff must first establish that he has a *prima facie* case of race discrimination based on disparate treatment. Plaintiff must prove the following to establish his *prima facie* case: (1) that he belongs to a racial minority; (2) that he was subjected to adverse job action; (3) that his employer treated similarly situated employees outside his classification more favorably; and (4) that he was qualified to do the job. *Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir. 2000). Once these elements are established, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the alleged discrimination. *Texas Dep't of Comm'y Affairs v. Burdine*, 450 U.S. 248, 255 (1981).

Defendant argues that Plaintiff cannot establish his *prima facie* case of racial discrimination because he has not shown that he was subjected to an adverse job action. In the Eleventh Circuit, "not all conduct by an employer negatively affecting an employee constitutes adverse employment action." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238 (11th Cir. 2001); *see also Hooks v. Bank of Amer.*, 183 F. App'x 833, 835-36 (11th Cir. 2006). Indeed, even though Title VII "does not require proof of direct economic consequences in all cases, the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." *Id.* Thus, the Eleventh Circuit has required an employee to show "a serious and material change in the terms, conditions, or privileges of employment." *Id.* Moreover, "the employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id.* As the Court of Appeals observed in *Davis*, "criticisms of an employee's job performance – written or oral – that do not lead to tangible job consequences will rarely form a permissible predicate for a Title VII suit." *Id.*

Here, the only adverse employment actions Plaintiff alleges are that he was written up for being AWOL, and that he lost time-and-a-half holiday pay in excess of $350.00 for the time he did not work. Plaintiff himself admits that the AWOL write-up was removed from his personnel file and had no effect. As the Court of Appeals has noted, "the decision to reprimand . . . an employee, if rescinded before the employee suffers a tangible harm, is not an adverse employment action." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir. 2001); *see also Mack v. ST Mobile Aerospace Eng'g, Inc.*, 195 F. App'x 829, 846 (11th Cir. 2006). Plaintiff has not put forward any evidence establishing that he suffered a tangible harm prior to

5

the removal of the AWOL notation from his personnel file.  As such, the AWOL notation cannot suffice to establish the adverse job action prong of his *prima facie* case.

The only tangible harm the Plaintiff has alleged is the loss of $350.00 as a result of his inability to work the holiday on November 23, 2003 after the work schedule was not posted where he routinely checked it.  An employer's actions which "deprive [a plaintiff] of compensation which he otherwise would have earned clearly constitute adverse employment actions for purposes of Title VII."  *Bass v. Bd. of Cty. Comm'rs, Orange Cty., Fla*, 256 F.3d 1095, 1118 (11th Cir. 2001).  Accordingly, the court finds that Plaintiff has established the second prong of his *prima facie* case, that he was subject to an adverse job action as a result of losing the overtime pay.

Defendant also argues that Plaintiff cannot establish the third factor of his *prima facie* case, that the employer treated similarly situated employees outside his classification more favorably than Plaintiff.

Plaintiff has filed an affidavit in which he states that one of his supervisors, Randall Evans, ordered him to "catch maintenance calls for postal machine repairs outside my area, but in the area of two other maintenance electronic technicians. . . .  [T]he white maintenance electronic technicians whose responsibility it was to catch the calls were available [at that time]. . . .  Since that time [Randall] Evans had a routine of calling me to catch calls of white maintenance electronic technicians, outside my area."[2]  Plaintiff also stated that he "had observed how [Mr.

---

[2] Moore Aff. ¶¶ 3, 4, 5 (Doc. 14).  The court notes that Plaintiff did not comply with this court's instructions for submissions of briefs regarding motions for summary judgment, found in Appendix A to the Scheduling Order, and also on this court's website.  In the interest of judicial economy, and to fully address any possible argument the Plaintiff might have, however, the court will not strike the Plaintiff's submission, despite its noncompliance with the court's instructions.

Evans] made a distinction between white and black employees under his supervision.  For example, when white electronic technicians would be on break, he would request me to cover their calls.  Whenever I would be on break and a call occurred in my area, he would request me to leave break to catch the call."[3]

Defendant disputes whether Mr. Evans' alleged conduct occurred in 2003, around the time of the holiday work schedule incident, or whether they occurred earlier, in 2001 when Mr. Evans was Plaintiff's supervisor.  Regardless of the timing of the allegations about Mr. Evans, the court finds that Plaintiff's affidavit has not created a genuine issue of material fact regarding the third prong of the *prima facie* case.

First, Plaintiff's unsupported factually allegations are legally insufficient to create a dispute of fact sufficient to defeat Defendant's motion for summary judgment.  *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir.1989).  Second, and perhaps more importantly, even if the court accepted Plaintiff's allegations as true, Plaintiff has failed to specifically identify a single similarly-situated employee who was treated more favorably than himself.  To determine whether employees are similarly situated, courts are instructed to evaluate "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Burke-Fowler*, 447 F.3d at 1323.  When making that determination, "the quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Id.*

This court cannot make a meaningful assessment of whether "white technicians" engaged

---

[3] Moore Aff. ¶ 10 (Doc. 14)

in the same or similar conduct as Plaintiff, without more detail as to *which* technicians are involved in *what* specific conduct.  Significantly, Plaintiff's allegations of discrimination by Mr. Evans do not demonstrate that anyone received more favorable treatment than he did with respect to the precise issue of which he complains – that he did not receive pay for overtime he did not work because he was not aware that he had been scheduled to work that time.  Because the court has no comparator to evaluate alongside Plaintiff, the court finds that Plaintiff has failed to establish the third prong of his *prima facie* case.  *See Holifield v. Reno*, 115 F.3d 1555, 1563 (11th Cir.1997) (holding that the two employees must be "similarly situated in all aspects"); *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir.2004) (holding that "[t]he comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer").

Because Defendant has demonstrated that Plaintiff cannot establish the third prong of his *prima facie* case, this court need not move to the next step in the analysis:  whether Defendant had legitimate, non-discriminatory reasons for the alleged conduct.  Defendant has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  The court, therefore, GRANTS Defendant's motion.

IV.  **CONCLUSION**

Defendant has established that Plaintiff cannot succeed in satisfying the requirements of a *prima facie* case of disparate treatment based on racial discrimination.  Specifically, Plaintiff has not produced sufficient evidence to establish the third prong of the *prima facie* case, that his employer treated similarly situated employees outside his classification more favorably.  As such,

Defendant has established that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law.  The court GRANTS Defendant's motion for summary judgment. A separate order will be entered contemporaneously with this opinion.

DATED this 14th day of August, 2007.

                                                   _____
                                                   KARON OWEN BOWDRE
                                                   UNITED STATES DISTRICT JUDGE